# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. LEE,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.<br><br>                Defendants. | Case No.: 18cv0159 W (BLM)<br><br>**ORDER DENYING DEFENDANTS' (1) MOTION TO SEAL [DOC. 24] AND (2) MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 23]** |

    Defendants City of San Diego and San Diego Police Officers Peter Larson, Darrell Cox, Robert Lawyer and Steven Choy move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In support of their motion, Defendants also seek an order sealing videos of the arrest of Plaintiff Michael C. Lee. Plaintiff opposes only the motion for judgment on the pleadings.

    The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **DENIES** Defendants' motion to seal [Doc. 24] and motion for judgment on the pleadings [Doc. 23].

//

//

1

## I. BACKGROUND

The following allegations are taken from the First Amended Complaint ("FAC" [Doc. 11]).

On May 28, 2017, at approximately 2:00 a.m., Plaintiff Michael C. Lee was standing on the sidewalk outside a club in the Gaslamp District in downtown San Diego. (*FAC* ¶ 8.) Lee was waiting for a ride from a friend when two police officers approached Lee. (*Id.*) Lee asked the officers if he was doing anything wrong, but the officers did not respond. (*Id.* ¶ 9.)

A short time later, the officers again approached Lee, who was still on his cell phone with his friend. (*FAC* ¶ 10.) The officers grabbed Lee, and violently took him to the ground. (*Id.*) Once on the ground, Lee's arms were twisted and pulled behind him, causing extreme pain. (*Id.*) One of the officers twisted Lee's left arm with sufficient torque that it fractured his humerus bone in several places. (*Id.*) Lee was arrested, but the district attorney refused to prosecute.

Lee required extensive surgery to repair his fractured arm. (*FAC* ¶ 11.) The operation required placement of a long, metal plate on the humerus bone that was attached with 16 screws. (*Id.*)

At the time of the incident, Lee was employed by the San Diego Chargers as a defensive back on the 90-man roster, and was hoping to make the team's 53-man roster for the upcoming season. (*FAC* ¶ 13.) As a result of the severity of the injury, and the lengthy recovery period, Lee was released by the Chargers and unable to pursue playing in the National Football League. (*Id.* ¶¶ 14, 15.)

On January 23, 2018, Lee filed this lawsuit against the City and the officers involved in his arrest. The Complaint asserts a 42 U.S.C. § 1983 cause of action for excessive force, as well as four state-based causes of action. Defendants now move for judgment on the pleadings arguing that they are entitled to qualified immunity.

## II. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Fajardo v. Cnty. of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). A district court may grant judgment to a defendant only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Enron Oil Trading & Transp. Co. V. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997) (citations omitted).

## III. MOTION TO SEAL

In support of their motion, Defendants attach 12 videos of Lee's arrest taken from the officers' body-cameras. Defendants request the Court seal the body camera videos. Lee does not oppose Defendants' request.

Federal law creates a strong presumption in favor of public access to court records, but this right of access is not absolute. San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999). "Every Court has supervisory power over its own records and files, and may provide access to court documents at its discretion." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). District courts, therefore, have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See Hagestad, 49 F.3d at 1434.

Whenever a district court is asked to seal court records in a civil case, the presumption in favor of access can only be overcome by a showing of "sufficiently important countervailing interests." San Jose Mercury News, Inc., 187 F.3d at 1102. The party moving to seal records "bears the burden of overcoming this strong presumption by meeting the compelling reasons standard." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner COmmuns., Inc., 435

3

U.S. 589, 597 n.7 (1978)). In order to fulfill this burden, the moving party "must articulate compelling reasons supported by specific factual findings … that outweigh the general history of access and the public policies favoring disclosure…." Id. at 1179.

Factors relevant to determining whether the presumption has been overcome include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990)). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citing Valley Broad. Co. v. United States Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by the parties' stipulation. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); accord City of Hartford v. Chase, 942 F.2d 130, 136 (1st Cir. 1991) ("the trial court–not the parties themselves–should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed..."). In Brown v. Advantage Eng'g, Inc., 960 F.2d 1013 (11th Cir. 1992), the Eleventh Circuit vacated a district court's sealing order where the sole justification offered for the order was that sealing was necessary to facilitate settlement. The court held that such a justification did not overcome the public's presumptive right of access to the sealed court records:

> It is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties, even if the settlement comes with the court's active encouragement. Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's

case. Absent a showing of extraordinary circumstances ... the court file must remain accessible to the public.

Id. at 1016.

Here, Defendants' contention that the videos should be sealed is based on conclusory assertions that are unsupported by facts. Defendants contend the videos "may and/or do contain the confidential, private information of the Defendant Officers to include specific information regarding their identities." (*Mt. Seal P&A* [Doc. 24-1] 4:17–19.) But the Court has reviewed the videos and it is entirely unclear what information Defendants consider "confidential, private" regarding their identities. Nor do Defendants provide any hint as to what they consider confidential and private.

Defendants also contend the videos should be sealed because "they contain privileged Official Information acquired in confidence by a police officer in the course of his duty that was not open, or officially disclosed to the public prior to the time the claim of privilege was made. Cal. Evidence Code § 1040." (*Id.* 4:17–24.) Assuming for the sake of argument the information fits within the definition of "official information," a public entity may refuse to disclose or prevent another from disclosing if:

> (1) Disclosure is forbidden by an act of Congress of the United States or a statute of this state;
>
> (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice…."

Id. Based on this language, it is not sufficient for Defendants to claim the videos are privileged. They must also demonstrate disclosure is forbidden by law or is against the public interest. Because Defendants have not attempted to demonstrate either, Defendants have failed to demonstrate the videos should be sealed under section 1040.

Finally, Defendants contend the videos should be sealed because they contain "private, personal information that if disclosed to the public could cause irreparable harm and/or violate the rights of privacy of Plaintiff and/or the Defendant Officers." (*Id.* 4:25–

5

5:3.) Defendants, however, fail to provide any support as to how videos of an arrest made on a crowded sidewalk contain information that if disclosed to the public could cause harm or violate anyone's rights.

For these reasons, the Court finds Defendants have failed to overcome the presumption in favor of public access to the videos.

## IV. ANALYSIS

### A. The body-camera videos may not be considered in deciding Defendant's Rule 12(c) motion.

Defendants contend they are entitled to qualified immunity. In support of their argument, Defendants request that the Court consider the officers' body-camera videos in evaluating the motion for judgment on the pleadings. Defendants contend the videos should be considered "part of the FAC for purposes of [the] motion" because the FAC "undoubtedly relies upon the circumstances surrounding [Lee's] detention and arrest," which the videos document. (*P&A* [Doc. 23-1] 6:8–22.)

Although the complaint's factual allegations generally must be treated as true in evaluating a motion for judgment on the pleading, courts may consider documents incorporated into the complaint by reference, and matters properly subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Here, Defendants' theory is that the videos may be considered under the incorporation-by-reference doctrine. The Court disagrees.

As demonstrated by the parties' briefs, within the Ninth Circuit, district courts are split on whether the incorporation-by-reference doctrine allows a court to consider an officer's body-camera video in a Rule 12 motion. Lihosit v. Flam, 2016 WL 2865870 (D. Ariz. 2016), relied on by Defendants, found it was appropriate to consider body-camera videos of plaintiff's arrest in evaluating a motion to dismiss. Lihosit reasoned that it could consider the videos because they were "essential to a full understanding of the events underlying [plaintiff's] complaint…." Id. at *3. In contrast, Estate of Smith v.

6

City of San Diego, 2018 WL 3706842 (9th Cir. 2018), cited by Lee, refused to consider body-camera videos in evaluating a Rule 12 motion. Defendant argued the court could review the videos because "they depict the events that form the basis" of plaintiff's claims and thus plaintiff's claims "necessarily rel[ied]" on the videos. Id. at *3. The district court rejected the argument, reasoning:

> [a] complaint necessarily relies on a piece of evidence when the piece of evidence itself is indispensable to a claim in the complaint. [Citation omitted.] A complaint does not necessarily rely on every piece of evidence that depicts the events forming the basis of the claims in the complaint. In this case, neither the Videos nor the Transcripts are an indispensable part of Plaintiffs' claims; they are evidence of the events underlying Plaintiffs claims. Consequently, the SAC does not necessarily rely on the Videos or Transcripts and the Court may not consider the Videos or the Transcripts in analyzing the City Defendants' Motion under Rule 12(b)(6).

Id.

Not only does this Court find Smith's reasoning persuasive, its finding is consistent with recent Ninth Circuit cases involving the incorporation-by-reference doctrine. In Sams v. Yahoo! Inc., 713 F.3d 1175 (9th Cir. 2013), for example, plaintiffs sued Yahoo! for producing certain private records pursuant to a subpoena issued by a district attorney in Georgia. Plaintiffs' complaint did not attach the subpoenas but alleged Yahoo! should not have produced the records because the subpoenas were facially invalid. Yahoo!'s motion to dismiss argued the subpoenas were facially valid, and included copies of the subpoenas. In affirming the district court's dismissal of the lawsuit, the Ninth Circuit found the court properly considered the subpoenas because the documents were "critical" to plaintiffs' lawsuit and there was no factual disputes as to their content. Id. at 1179.

Recently, in Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988 (9th Cir. 2018), the Ninth Circuit clarified "when it is proper to … incorporate by reference documents into a complaint, and when it is not." Id. at 999. According to the court, such clarification was necessary given the "overused and improper" application of the doctrine. Id. at 998. The court explained that "incorporation-by-reference is a judicially

created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims. [Citations omitted.]" Id. at 1002. The doctrine applies "'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." Id. (citing United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003)).

Under Sams and Khoja, incorporation-by-reference requires more than that the document or video provides "a full understanding" of the incident giving rise to the arrest. Khoja clarifies that the doctrine requires the complaint to refer to the material or that plaintiff's claims are *based* on the material. Id. at 1002. Consistent with Khoja, in Sams the complaint referred to and was based on the subpoenas to the extent plaintiffs' claims depended on their validity.

Here, Lee's claims are based on the events surrounding his arrest. The FAC does not refer to the videos, and while they—like witness statements and other evidence—are important in helping the trier of fact understand the circumstances, Lee's claims are not based on the videos. Accordingly, the videos do not fit within the incorporation-by-reference doctrine and may not be considered in evaluating Defendants' motion.

### B. Qualified Immunity

In arguing that they were entitled to qualified immunity, Defendants assumed the body-camera videos would be considered. Thus, Defendants' motion is based on a factual background that is not supported by the FAC's allegations. Because Defendants' claim that they acted reasonably in arresting Lee is not based on the facts set forth in the FAC, Defendants have failed to demonstrate they are entitled to qualified immunity.

Similarly, Defendants' request for judgment on the pleadings as to Lee's state causes of action is based on the assumption the Court would find the officers acted reasonably. Because Defendants' have failed to establish they acted reasonably based on

the FAC's factual allegations, Defendants have failed to establish they are entitled to judgment as to Lee's state claims.

V. <u>**Conclusion & Order**</u>

For the foregoing reasons, the Court **DENIES** Defendants' motion to seal [Doc. 24] and motion for judgment on the pleadings [Doc. 23].

Dated: January 7, 2019

_____
Hon. Thomas J. Whelan
United States District Judge